Filed 10/8/20  P. v. Parker CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WARREN DWAYNE PARKER,<br><br>Defendant and Appellant. | F077955<br><br>(Super. Ct. No. BF167373A)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Matthew J. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, A.P.J., Poochigian, J. and Franson, J.

Appellant Warren Dwayne Parker appeals following his convictions for driving a motor vehicle while under the influence of alcohol (Veh. Code,[1] § 23152, subd. (a); count 1) and driving with a blood-alcohol level of 0.08 percent or above (§ 23152, subd. (b); count 2).  Appellant contends that the court improperly imposed a $50 fine during sentencing.  Additionally, appellant requests we conduct a *Pitchess*[2] review in this case.  For the reasons set forth below, we modify the judgment and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2017, Bakersfield Police Department Sergeant Keli Paulk was conducting routine patrols when she observed a green Ford Mustang run a red light. Paulk attempted to initiate a traffic stop, but the car failed to immediately yield.  After a short pursuit, in which the Mustang struck multiple parked cars, the Mustang stopped in a parking lot.  Paulk illuminated the car with her spotlight, called for backup, and attempted to keep an eye on the Mustang.  She claimed she observed no one enter or exit the car during that time.  Ultimately, Paulk stated she observed appellant exit the car from the passenger side.

Bakersfield Police Officer Eli Brown responded to Paulk's call for backup. Brown approached the green Mustang and located appellant in the passenger seat.  There was nobody in the driver seat.  Brown observed appellant and noticed signs of intoxication.  Appellant initially denied driving the car, but changed his story when Brown told him Paulk had not seen anyone else exit the car.  Brown asked appellant whether he had been drinking and why he had run the red light.  Appellant confessed to having one or two beers and claimed he ran the light because it takes too long.  After administering a field sobriety test, Brown arrested appellant.  Subsequent testing placed

---

[1]     All further statutory references are to the Vehicle Code unless otherwise stated.

[2]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

appellant's blood-alcohol level at 0.196 percent, which was extrapolated to a concentration of between 0.20 and 0.24 at the time he was driving.

Prior to trial, appellant sought discovery under *Pitchess* of "Any evidence of, or complaints of: (1) false statements in reports, (2) fabrication of witness testimony in reports, (3) false testimony, (4) falsification of probable cause and/or reasonable suspicion, (5) acts involving moral turpitude, (6) any other evidence of or complaints of dishonesty by Bakersfield Police Department Officer Sgt. Paulk (775) and Eli Brown (1048)." The People opposed, arguing only records of dishonesty should be disclosed. The court agreed to hold a confidential hearing to determine whether materials existed which should be produced.

At the hearing, the court confirmed it was presented with "all the complaints and IA pro [*sic*] records" for the officers. The custodian of records explained it had identified one potentially relevant document for each officer. The court reviewed these documents and ordered one of the two disclosed. The court also reviewed the personnel files of the officers for additional documents but found none it deemed responsive.

Appellant was ultimately tried and convicted by a jury on counts 1 and 2. In separate proceedings, the court found true allegations appellant had suffered prior convictions. At sentencing, the court denied probation and sentenced appellant on count 1 to the upper term of three years in jail, as a split sentence. Appellant received a similar term on count 2 but the court stayed it pursuant to Penal Code section 654. Among other terms, and relevant to this appeal, appellant was also assessed a $50 fine on count 1 "pursuant to 1463.25 of the Penal Code." This appeal timely followed.

## DISCUSSION

Appellant requests we strike the $50 fine assessed under Penal Code section 1463.25 and asks for a review of the *Pitchess* proceedings in this case.

3.

### *$50 Fine Assessment*

Appellant contends, and the People agree, that the trial court erred when imposing a $50 fine under Penal Code section 1463.25. The only dispute is how this court should resolve the issue. Appellant requests we strike the fine. The People, relying on *People v. Benner* (2010) 185 Cal.App.4th 791, 797 (*Benner*), argue the court intended an alcohol abuse education and prevention fine and, thus, we should merely modify the minute order to reflect the correct basis for the fine. We agree with the People. As noted in *Benner*, section 23645 states that "any person convicted of a violation of Section 23152 or 23153 shall, in addition to any other fine, assessment, or imprisonment imposed pursuant to law, pay an alcohol abuse education and prevention penalty assessment in an amount not to exceed fifty dollars .…" (§ 23645, subd. (a).) This provision for alcohol abuse education was added to the statutory scheme at around the same time former section 23196, referenced in Penal Code section 1463.25, and containing substantially similar terms to section 23645, was repealed. (See repealed § 23196 [added by Stats. 1986, ch. 1118, § 5 and amended by Stats. 1987, ch. 247, § 2, eff. July 27, 1987; Stats. 1987, ch. 621, § 6.5].) Thus, it appears the court did intend, by referencing the funding statute related to the prior version of the current statute, to impose an alcohol abuse education and prevention penalty. We thus, like the court in *Benner*, modify the judgment to reflect the fine was imposed pursuant to section 23645.

### *Pitchess Review*

Appellant also requests, and the People do not oppose, a review of the *Pitchess* proceedings in this matter.

*Pitchess* motions are the well-settled mechanism by which defendants can screen law enforcement personnel files for evidence that may be relevant to their defense without compromising the officer's reasonable expectation of privacy in those records. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225 (*Mooc*).) This process is effectuated by having a custodian of records collect all potentially relevant documents from identified

4.

personnel files and present them to the trial court. The custodian "should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*Id*. at 1229.)

The trial court must then make a record of what documents it has examined to permit future appellate review. (Mooc, *supra*, 26 Cal.4th at p. 1229.) "If the documents produced by the custodian are not voluminous, the court can photocopy them and place them in a confidential file. Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined." (*Ibid*.) These proceedings are then sealed. (*Ibid*.)

Upon appeal, we independently examine the record made by the trial court "to determine whether the trial court abused its discretion in denying a defendant's motion for disclosure of police personnel records." (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

We have reviewed the full set of transcripts and documents relevant to this issue. The trial court properly complied with the required *Pitchess* procedures. A custodian of records was present and placed under oath, indicating they had brought all responsive documents with them. The court reviewed those documents and confirmed where responsive documents could be located. Based on this review, the court ordered one complaint be produced and withheld production of a second. The court also reviewed the officers' personnel files and found no responsive documents. These proceedings were stenographically recorded. (*Mooc*, *supra*, 26 Cal.4th at p. 1229.)

In our independent review, we find no abuse of discretion in the trial court's production determinations. With respect to the complaint not produced, we have reviewed the document and note it does not contain allegations of dishonesty or false

statements made by Paulk. The court preserved both officers' personnel files. Upon review, no other responsive documents were identified within them.

## DISPOSITION

The judgment is modified to reflect that appellant's $50 alcohol abuse education and prevention fine is authorized under section 23645, subdivision (a).

In all other respects, the judgment is affirmed.